**FILED**
**STATESVILLE, NC**

**JUN 21 2017**

**U.S. District Court**
**Western District of N.C.**

PRISONER CIVIL RIGHTS ACT COMPLAINT FORM
42 U.S.C. §1983
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

*Arthur Lee Givens Bey. IV.*

Enter above full name of Plaintiff.
One plaintiff permitted per complaint.

Case No. 5:17cv108

*Lt. Nichols, Sgt. Harrington,*
*Sgt. Murray, Cpt. Hamilton;*
*Et. al. (individual capacities).*

Enter above full name of defendant (s)

I.     PREVIOUS LAWSUITS

    A.     Have you begun other lawsuits in state or federal court dealing with the same facts involved in
        this action or otherwise relating to your imprisonment?        Yes ( ✓ ) No ( )

    B.     If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one
        lawsuit describe the additional lawsuits on an additional sheet of paper, using the same outline.

        1.     Parties to previous lawsuits:

        Plaintiffs: *Arthur Lee Givens Bey, IV.*

        *v.*

        Defendants: *Susan White, Todd Pinion, George Solomon, Frank L. Perry,*
        *North Carolina Dept. of Public Safety, & Alexander C.I.; et.al.*

        2.     Court (if federal court, name the district; if state court, name the
        county): *U.S. District Court / Western District / Statesville Division.*

        3.     Docket number: *5:16 CV57-FDW.*

        4.     Name of presiding judge: *Can not recall / Chief Judge in Charlotte.*

        5.     Disposition (for example, was the dismissed? Appealed? Is it still pending?)

        *"Dismissed (without prejudice). Obliged To Refile."*

        6.     Approximate date of case filing: *March 31, 2016.*

II.    PREVIOUS IN FORMA PAUPERIS LAWSUITS

   A.   While incarcerated or detained in any facility, have you filed a lawsuit in any federal court in

        which you were allowed to proceed in forma pauperis (without prepayment of fees)?

        Yes ( ✓ ) No (   )

        1.   Name the court and docket number for each:

        _U.S. District Court / Western District / Statesville Division._
        _5:16 CV57-FDW._

   B.   Were any of these cases dismissed under 28 U.S.C. §1915(d) on the grounds that they were

        frivolous, malicious, or failed to state a claim upon which relief may be granted?

        Yes ( ✓ ) No ( ✓ )   _I do not think so. I was suing the wrong people;_
        _as explained by the Court. Obliged to refile._

        1.   If yes, how many?
        _1._

        2.   Name the court and docket number for each action:

        _5:16 CV57-FDW._

III.   EXHAUSTION OF INMATE ADMINISTRATIVE REMEDIES

   A.   Did you present the facts of each claim relating to your complaint to the Inmate Grievance
        Commission or any other available administrative remedy procedure?
        Yes ( ✓ ) No (   )

   B.   If your answer is Yes:

        1.   When did you file your grievance?
        _7/20/2015 -and- 9/3/2015; also, 11/6/2015._

        2.   What was your grievance?
        _Based on Cruel and Unusual Punishment inflicted,_
        _upon 8th Amendment violations._

        3.   Did you appeal any adverse decision to the highest level possible in the administrative
        procedure? Yes ( ✓ ) No (   )

        If yes, when was the decision and what was the result?

        _1st Grievance final decision was on 12/29/2015 — Remedy Denied._

        _2nd Grievance final decision was on 12/3/2015 — Remedy Denied._

        _3rd Grievance final decision was on 12/10/2015 — Remedy Denied._

   C.   If your answer to A is no, identify the claim(s) and explain why not:
        _NA!_

*N∅t!*

## IV. PARTIES

**A. Plaintiff's Name:**
_Arthur Lee Givens Bey, IV. / #0146841._

**Address/Place of Confinement:** _633 - Old Landfill Rd. / Taylorsville, N.C. 28681._
_Alexander Correctional Institution._

**B. Defendant(s)**

**Name of Defendant 1:** _Sgt. (Sergeant) Murray, (Unknown to Plaintiff)._ *(First Name)*

**Position:** _Sgt. (Sergeant)._

**Place of Employment:** _Alexander Correctional Institution._

**Current Address:** _633 - Old Landfill Rd. / Taylorsville, N.C. 28681._

Additional Defendant(s) provide name, position, place of employment, and current address for each.

**Defendant 2:** _Cpt. (Captain) Hamilton, Robert._
_Cpt. (Captain)._
_Alexander Correctional Institution._
_633 - Old Landfill Rd. / Taylorsville, N.C. 28681._

**Defendant 3:** _Lt. (Lieutenant) Nichols, Johnny._
_Lt. (Lieutenant)._
_Alexander Correctional Institution._
_633 - Old Landfill Rd. / Taylorsville, N.C. 28681._

**Defendant 4:** _Sgt. (Sergeant) Harrington, (Unknown to Plaintiff)._ *(First Name)*
_(Sgt. Sergeant)._
_Alexander Correctional Institution._
_633 - Old Landfill Rd. / Taylorsville, N.C. 28681._

(Continue on separate sheet if necessary.)

**V.** STATEMENT OF CLAIM

State here as briefly as possible the FACTS in your case. Do this by describing how each defendant named in Section IV B. above is personally involved in depriving you of your rights. All relevant times, dates, and places should be included. YOU MAY, BUT NEED NOT, GIVE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. You may only combine claims involving events that relate to all defendants. Number and set forth each separate claim in a separate paragraph. Unrelated claims involving separate events must be set out in a separate complaint. (Attach additional sheets if necessary.)

"SEE Attachments."

Atts:

**VI.** REQUESTED RELIEF

STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. YOU NEED NOT MAKE ANY LEGAL ARGUMENTS, OR CITE ANY CASES OR STATUTES.

"SEE Attachments."

Atts:

REQUESTED RELIEF CONTINUED:

_____
_____
"See Attachments."
_____
Atts:
_____
_____

Date: 6/19/2017.       Signature: Arthur Lee Hiss Bey, IV.

                        Prison ID #: 0146841.

IN THE UNITED STATES DISTRICT COURT,
FOR THE WESTERN DISTRICT OF NORTH CAROLINA.
(STATESVILLE DIVISION).

| | |
|---|---|
| ARTHUR LEE GIVENS-BEY, IV, Plaintiff. | "COMPLAINT." 42 U.S.C. §1983; PRO SE. Civil Action No. 5:17CV108 |
| v. | |
| LIEUTENANT (LT.) NICHOLS, SERGEANT (SGT.) HARRINGTON, SERGEANT (SGT.) MURRAY, CAPTAIN (CPT.) HAMILTON; Et. al., (Individual Capacities). Defendant(s). | |

## I. JURISDICTION & VENUE.

1.) This is a Civil Action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3).

2.) The United States District Court for the Western District of

North Carolina (Statesville Division) is an appropriate VENUE under 28 U.S.C. Section 1391(b)(2) because it is where the events giving Rise to this claim occurred.

## II. PLAINTIFF.

1.) Plaintiff, Arthur Lee Givens Bey, IV, is and was at all times mentioned herein a Prisoner of the State of North Carolina, who is in the custody of the N.C. Dept. of Public Safety (Division of Adult Prisons). He is currently confined in Alexander Correctional Institution, in Taylorsville, North Carolina.

## III. DEFENDANT(S).

1.) Defendant, Lt. Johnny Nichols, is a Correctional Officer of the N.C. Dept. of Public Safety (Division of Adult Prisons) who, at all times mentioned in this complaint, held the Rank of Lieutenant (Lt.) and was assigned to Alexander Correctional Institution.

2.) Defendant, Sgt. Harrington (whose first Name is unknown to Plaintiff), is a Correctional Officer of the N.C. Dept. of Public Safety (Division of Adult Prisons) who, at all times mentioned in this complaint, held the Rank of Sergeant (Sgt.) and was assigned to Alexander Correctional Institution.

3.) Defendant, Sgt. Murray (whose first Name is unknown to Plaintiff), is a Correctional Officer of the N.C. Dept. of Public Safety (Division of Adult Prisons) who, at all times mentioned in this complaint, held the Rank of Sergeant (Sgt.) and was assigned to Alexander Correctional Institution.

4.) Defendant, Cpt. Hamilton (Robert being his first Name), is a Correctional Officer of the N.C. Dept. Public Safety (Division of Adult Prisons) who, at all times mentioned in this complaint, held the rank of Captain (Cpt.) and was assigned to Alexander Correctional Institution.

5.) Each defendant is being sued in their individual capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

6.) Therefore, Plaintiff seeks to ask this Honorable Court for Review, Decision, final Judgment, and Redress as to any violations triggered under the Acacia framework of the Supreme Embodiment of the Constitution of the United States' Adopted Amendments.

(See following Pages for Section IV.- Statement of the facts).

## IV. Statement of the facts.

### Introduction.

first and foremost, the Plaintiff request (upon all Orders of Respect & Honor) that the name that He has given this very Honorable Court to address Him by, is legally binding and proclaimed by the Propensity of the Plaintiff, as such:

(A.) Arthur Lee Givens, IV — Is the actually name of this elicit Plaintiff; that was given Him (from birth) by His mother (Mrs. Celestine Jackson Givens) and His father (Mr. Arthur Lee Givens, III); and; ...

(B.) Bey — Is the "Tribal Name" that has legally been given to the Plaintiff when He proclaimed His Registered Membership & Nationality & Divine Creed through The Moorish Science Temple of America, which is a lawfully Chartered and legally Incorporated Organization of Moorish-American (who are proclaiming & reclaiming their (His) Descendant Nature of the Ancient Moabites & Morrocans born here in America). ... Inwhich, the Moorish-Americans are also the Historical Indigenous-Aboriginal People of this Great Land & more (who in-a-lien-able rights "must be" preserved within "The Preamble & Articles-1, 2, 3, 5, 6, 7, 8, 15, & 28 of the United Nations

_Universal Declaration of Human Rights, as well as Articles - 1,2,6, & 7 of the United Nations' General Assembly Resolution adopted by the General Assembly 61/295 — United Nations' Declaration on the Rights of Indigenous Peoples)..."Charter Reaffirmed their faith."_

**(C.)** The Plaintiff, Arthur Lee Givens, IV, Bey, anecdote to His name is a legally-factual existence of a free-born Hu■-man Being of Moorish-American Descendants; and, Plaintiff do request to now enter the additional initial Statement of the facts (involving the Defendant(s)) in this Petition; and, that __no__ "__Negro Acts of 1740__" seep nor leak its way into this Petition from the Defendants, upon the Court's On Session for Redress of Grievances.

1.) On the 9th of July 2015, at approximately 7:57 am, the Plaintiff got into a verbal-confrontation with (2) Correctional Officers — A Lieutenant (Nichols) & A Sergeant (Harrington)... Employee(s)-Alexander Correctional Constitution.

2.) The Plaintiff was Pepper-Sprayed (Maced) by both Officers.

3.) The said Correctional Officers (Nichols & Harrington) then handcuffed the Plaintiff and had the Plaintiff escorted to Administrative Segregation.

4.) When the Plaintiff arrived to Administrative Segregation, He was placed in a small shower area, by A Sergeant/A Sergeant (Murray).

5.) The Plaintiff was accused of having something in his hands (by Sergeant Murray), in which was later demonstrated & determined that the Plaintiff "did not" possess any foreign nor self-made manufactured-domestic key or weaponry devices that would have resulted in the Plaintiff being charged with possession of contraband (by scope of the North Carolina Department of Public Safety's level & scales of Disciplinary Procedures).

6.) The Plaintiff became very irate towards (Sergeant Murray & the escorting Correctional Officer(s) with no-name tags) because (Sergeant Murray) refused to uncuff the Plaintiff so that the Plaintiff "would not" be constitutionally allowed to shower & decontaminate himself from the severely-intense-complex-chemical-compound of domestic & foreign biological ingredients that's found in Correctional Constitutional Pepper-Sprays (Mace).

7.) Nearly 2 hours had passed, and its calculation of physics upon the periodic table of times had elapsed, while the Plaintiff was still left handcuffed (Behind the back) and his clothing & bareskin was still allowed to be contaminated by the use of Pepper-Spray being administered on the Plaintiff @ 7:57 am — the 9th of July 2015.)

8.) After such use of intensified-chemical-mistreatment, the Plaintiff began to receive a very severe headache, tasted blood in his mouth, and unbearable excruciating pain in the center of his chest when he inhaled & exhaled with each

breath that He took.

9.) The Plaintiff then notified A Correctional Officer (Officer Xiong) about the Plaintiff's current symptoms & acute painful conditions.

10.) While the Plaintiff got the attention of (Officer Xiong), the Plaintiff began to spit light-red droplets of blood out of His mouth (onto the still-dry shower area floor).

11.) (Officer Xiong) asked the Plaintiff was that blood coming out of the Plaintiff's mouth, in which the Plaintiff painfully responded to (Officer Xiong) by stating: "Yes!"

12.) The Plaintiff then fell to one knee & frailly-toppled-over on the right side of His face and body (while still handcuffed behind His back & still fully contaminated from the use of Pepper-Spray (Mace) being disengaged from (2) different cans, over nearly (2) hours before, by (Lieutenant Nichols & Sergeant Harrington).

13.) Upon witnessing the Plaintiff's agonizing conditions, (Officer Xiong) immediately issued an alert for "A Code Blue - Medical & Staff Assistance" (over His (2) Way Radio).

14.) Once Medical & Staff Assistants arrived to answer upon the issued alert of the "Code Blue", they found the Plaintiff collapsed on the dry-shower area-floor in the L.A-Pod of Administrative Segregation's Unit.

15.) The dry-shower area-cell door was then unlocked so that

Medical's Personnel could assess the Plaintiff.

16.) While the Plaintiff was clasped on the dry-shower area-floor, Medical's Personnel did (only) a "Vital Signs Assessment" on the Plaintiff... Never showing the "Medical Concerns" of why the Plaintiff was still contaminated from the use of (2) cans of Pepper-Spray (Mace), nor why the Plaintiff had light-red droplets of bloods, on the dry-shower area-floor, that proceeded & issued from the Plaintiff's mouth.

17.) Soon after Medical's Personnel Vital Signs Assessment was done, the Plaintiff was masked & then made to stand on his feet, while other Correctional Officer(s) (in full tactical gear) removed (only) the Plaintiff's tennis-shoes & pants when the Plaintiff was still handcuffed behind the back; in which, the Plaintiff was then placed in a "full Set of Mechanical Restraints" (through the request of Sergeant Murray & by the requested order of approval from A Captain Hamilton).

18.) The "full Set of Mechanical Restraints" were arranged as follows:

18(a) - The Plaintiff was shackled around his ankles;

18(b) - The Plaintiff was chained around his waist (while still handcuffed behind his back);

18(c) - The Plaintiff was methodically handcuffed to sliding handcuffs on each of the waist-restraint's opposite sides of his body; in which, was placed in front of the Plaintiff;

18(d) - To complete the final phase of administering & subjecting the Plaintiff to the use of a "full Set of Mechanical Restraints" —— A chain was (also) ran from the leg-shackles; up between the Plaintiff's legs, and attached to the waist-chain at the small of the Plaintiff's back, (inwhich, caused the use of this chain to press against the Plaintiff's rectum, genitals, & rub along the middle-crack of the Plaintiff's buttocks).

19.) After placing the Plaintiff in a "full Set of Medical or Institutional Mechanical Restraints" (with the face mask), Correctional Officer(s) (in full tactical gear) removed the Plaintiff from the (still) dry-shower area, and the Plaintiff was then made to walk backwards to room #19 on Red Unit's —L.A-Pod... While causing the chain to tighten, press, & rub (in the forementioned extremities of the Plaintiff's sensitive comfortabilities).

20.) Once the Plaintiff was housed in room #19 (on the Administrative Segregation Unit), he was left in restraints for 4 hours consecutively, and still contaminated with Pepper-Spray (Mace) on his body & remaining clothing.

21.) Medical Personnel & Sergeant (Murray) checked on the Plaintiff once every hour, inwhich, the Plaintiff affirms telling them (each time of the hours) that he tasted more blood in his mouth, and that the chains were extremely too

tight. This was "of no avail to the Plaintiff's complaints."

22.) The course of punishment for the use of a "full Set of Mechanical Restraints" had ran its time of binded confinement; and thus, the Plaintiff was released after 4 hours were completed.

23.) The Plaintiff was still left contaminated while placed in an isolation cell in Administrative Segregation Unit.

24.) The Plaintiff, in direct furtherance, resulted to a hunger & fluid strike (on the same day of the 9ᵀᴴ of July, 2015) because his lack of trust was no longer in favor of the Medical Personnel, nor the Members of the Administration Staff & Officials) On Charge.

25.) For 14 days & only 1 interval (7 days on, 1 day off; & 7 days on again), the Plaintiff did go on hunger & fluid strike.

26.) For "nearly 5 days & over a 108 hours", the Plaintiff was atrociously-disallowed (take a shower & decontaminated Himself;), because Staff Personnel told the Plaintiff that he was on food & fluid strike, as well as cursing @ Staff Members, and so, the Plaintiff "was not" access to shower & decontaminate.

27.) The Plaintiff filed a "Grievance for Administrative Remedy" with the Constitution on the 20ᵀᴴ of July, 2015 — Stating the allegations which has already been explained, as well as placing the remedy to be decided upon within this Honorable United States District Court for the Western District

of North Carolina.

28.) On the 3rd of September, 2015 — The Plaintiff filed another Grievance pertaining to same initial incident that occurred on the 9th of July, 2015; because the Plaintiff was informed that His initial Grievance "was not" filed "nor" logged-in the computer system; and so, the Plaintiff was instructed to write & file a "second-successor Grievance" (by order of the "Assistant Unit Manager-Sicak," & "Unit Manager-Barker", & A "Captain-Watkins").

29.) On the 8th of September, 2015 — The Plaintiff's "first filed grievance" was finally located & The Plaintiff appealed the decision to "Step 2 of the Administrative Remedy Procedures"; and, to "Step 3" on the 23rd of September, 2015."

30.) On the 18th of September, 2015 — The Plaintiff's "second-successor Grievance" was appealed to "Step 2", & to "Step 3" on the 3rd of November, 2015.

31.) On the 16th of August, 2015 — A "Captain Hamilton" came to the Plaintiff's Administrative Segregation's isolation-cell (I.A Pod-Cell #19) and took 4 pictures of the Plaintiff (who was at this time dressed in a pair of black gym shorts & a gray tee-shirt.); in which the Plaintiff's investigation was concluded on 7/24/15.

32.) Feeling that something wasn't right with the way in which "Captain Hamilton" conducted such excuse to take pictures of the Plaintiff 39 Days after the Plaintiff's verbal-confrontation with Correctional Officer(s), & 28 Days after the Plaintiff filed His 1st (first) initial Administrative Remedy Procedures/Grievance form

that stated the Plaintiff's complaint of an atrocious act(s) of very Cruel & Unusual Punishment Inflicted — Caused the Plaintiff to fear that the Administration Personnel(s) at Alexander Correctional Constitution & abroad, etc., was/ were trying to sabotage his complaint and the course of Remedy that he requested to seek; and so, the Plaintiff filed a 3rd Grievance that acknowledged, hand-written recorded, & requested to seek fairness against any such acts of engaged sabotage from (all) Staff Officials)... This 3rd Grievance was filed on the 6th of November, 2015 - by the Plaintiff.

33.) The Plaintiff filed (3) Administrative Remedy Procedure/ Grievances that were Reviewed, Responded to, & Dismissed at the final Step 3 of the Administrative Remedy Procedures:

33(a).— Grievance #1 was proceeded on 7/20/2015, & was concluded on 12/29/2015;

33(b).— Grievance #2 was proceeded on 9/3/2015, & was concluded on 12/3/2015; and, ...

33(c).— Grievance #3 was proceeded on 11/6/2015, & was concluded on 12/10/2015.

34.) By following & applying the Court's Order to complete (all) Grievance(s) Procedures (before this Honorable U.S. District Court can review, ponder, decide, & redress upon such issue of Civil Complaints) — "The Plaintiff now uses his Republic of the United States of America's Constitutional 1st Amendment — Right to Petition the Government for Redress of Grievances."

## V. EXHAUSTION OF LEGAL REMEDIES.

1.) Plaintiff, Arthur Lee Givens Bey, IV, used the prisoner grievance procedure available at Alexander Correctional Institution to try and solve the problem. Plaintiff presented the facts relating to this complaint, by informing the Administration Personnel Officials that his rights (under the Constitution of the United States) had been violated. Plaintiff was sent a response(s) saying that (all-3) grievances had been denied. He appealed each of the (3) denial of the grievances response(s) to remedy, to the highest levels of Administrative Appeals, but was also denied.

2.) Plaintiff, Arthur Lee Givens Bey, IV, is now "Refiling this Civil Action Complaint". Plaintiff first filed the same issues of violations, suing [all] the wrong previous defendant(s), on March 31, 2016; thus, submitting [all] personal copies of his grievance(s), response(s), and exhaustions to this Court during that time.

## VI. LEGAL CLAIMS TO SUE.

1.) Plaintiff reallege and incorporate by reference to [all] previously stated "Sections and Paragraphs."

2.) The "excessive use of force" that Lt. Nichols used when he Pepper Sprayed (Maced) the plaintiff (in only a verbal confrontation that displayed no physical aggression from the plaintiff)

violated plaintiff's (Arthur Lee Givens Bey, IV's) rights and constituted "Cruel and Unusual Punishment Inflicted" under the 8TH Amendment to the Constitution of the United States.

3.) The "excessive use of force" that Sgt. Harrington used when he Pepper Sprayed (Maced) the plaintiff (in only a verbal confrontation that displayed no physical aggression from the plaintiff) violated plaintiff's (Arthur Lee Givens Bey, IV's) rights and constituted "Cruel and Unusual Punishment Inflicted)" under the 8TH Amendment to the Constitution of the United States.

4.) The "excessive use of force" that Sgt. Murray used when he refused to uncuff the plaintiff and refused to allow the plaintiff to shower and decontaminate himself from the use of (2) cans of Pepper Spray (Mace) being ejected and distributed upon his body; and left this way, in which resulted the plaintiff to collapse; thus, also placing the plaintiff in a set of full mechanical restraints while still contaminated with Pepper Spray on him, violated plaintiff's (Arthur Lee Givens Bey, IV's) Rights and constituted "Cruel and Unusual Punishment Inflicted" under the 8TH Amendment to the Constitution of the United States.

5.) The "excessive use of force" that Cpt. Hamilton use when he ordered the approval and help conduct in the furtherance of the plaintiff being placed in a set of full mechanical restraints while still contaminated with Pepper Spray on his bare-skin and

clothing, violated plaintiff's (Arthur Lee Givens Bey, IV's) Rights and constitutes "Cruel and Unusual Punishment Inflicted" under the 8TH Amendment to the Constitution of the United States.

6.) Plaintiff has no plain, adequate or complete remedy at law to redress the "dangerous" and "extreme wrongs" that's described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendant(s), unless this Court grants a declaration, compensatory damages, and punitive damages as relief for which this plaintiff seeks.

## VII. Prayer for Relief.

WHEREFORE, plaintiff (Arthur Lee Givens Bey, IV) respectfully prays that this Court enter judgment granting this lone plaintiff:

1.) A declaration that the acts and omissions described herein violated plaintiff's Rights under the Constitution and laws of the United States;

2.) Compensatory damages in the amount of $100,000.00 against each defendant, jointly and severally;

3.) Punitive damages in the amount of $100,000.00 against each defendant;

4.) Plaintiff's cost in this suit;

5.) A jury trial on all issues triable by a jury;

6.) As well as any additional relief that this Court deems just, proper, and equitable.

This 19TH day of June, 2017.

Respectfully Submitted,

Mr. Arthur Lee Givens Bey, IV.
#0146841.
Alexander C.I.
633-Old Landfill Rd.
Taylorsville, N.C. 28681.

VERIFICATION.

I have read the foregoing complaint and hereby verify that the matters alleged on information therein are true, except as to matters alleged on belief, and, as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Executed at Taylorsville, N.C. on June 19TH, 2017.
Signature: Arthur Lee Givens Bey, IV.

SENT: JUNE 19TH, 2017.

Dear Clerk of the U.S. District Court (Statesville Division),

Enclosed in this manila-envelope, to be _filed_ and _Refiled_ with your office, is the following Legal Documents:

1.) Application of In forma pauperis (5 pages);

2.) Application of 42 U.S.C. Section 1983 Complaint form (5 pages);

3.) Plaintiff's detailed-written Complaint it-self (16 pages);

4.) Defendants' Summons form (2 pages);

5.) And a Motion for Appointment of Counsel (2 pages).

Please, forward a Counter-Clocked-In copy of [all] these documents to this Plaintiff for his own personal files. "_Thank You Kindly!_"

_Sincerely Devoted:_ Arthur Lee Givens Bey, IV.
#0146841.
Alexander C.I.
633-Old Landfill Rd.
Taylorsville, N.C. 28681.