# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17-cv-108-FDW

| | |
|---|---|
| ARTHUR LEE GIVENS BEY, IV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| FNU MURRAY, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on periodic status review.

Pro se Plaintiff Arthur Lee Givens Bey, IV is a prisoner of the State of North Carolina, currently incarcerated at Marion Correctional Institution in Marion, North Carolina. Plaintiff filed this action on June 21, 2017, pursuant to 42 U.S.C. § 1983, bringing various claims against Defendants FNU Murray, Robert Hamilton, Johnny Nichols, and FNU Harrington, all alleged to be correctional officers at Alexander Correctional Institution at all relevant times.

Following initial review by the Court, Plaintiff submitted summons forms for service on Defendants by the U.S. Marshal at Alexander. On November 8, 2017, the U.S. Marshal returned unexecuted summons forms, indicating that Defendants are no longer employed at Alexander. See (Doc. No. 11).

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's

1

failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort"). Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendants.

**IT IS THEREFORE ORDERED THAT**:

(1) Within 30 days of this Order, the U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendants in accordance with Fed. R. Civ. P. 4. If the U.S. Marshal is unable to locate and obtain and service on Defendants within this time period, the U.S. Marshal shall inform the Court of the efforts taken to locate and serve Defendants.

(2) The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Signed: March 8, 2018

Frank D. Whitney
Chief United States District Judge