# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17-cv-00108-FDW

| | |
|---|---|
| ARTHUR LEE GIVENS BEY, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) **ORDER**<br>) |
| FNU MURRAY, et al., | )<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on its own motion on Plaintiff's Response to Show Cause Order [Doc. 44].

Pro se Plaintiff Arthur Lee Givens Bey, IV, filed this action *in forma pauperis* pursuant to 42 U.S.C. § 1983 on June 21, 2017. [Doc. 1]. On September 29, 2017, the Court ordered that the Plaintiff's Complaint survived initial review. [Doc. 9]. After initial review, the U.S. Marshals Service returned summonses executed for Defendant Nichols on March 20, 2018 and for Defendants Hamilton and Harrington on March 22, 2018. [Docs. 15, 16, 17]. The summons for Defendant FNU Murray was returned unexecuted on or around March 22, 2018. [Doc. 18]. No subsequent efforts at effectuating service on Defendant Murray are reflected in the record in this matter. The Court recently granted summary judgment for Defendants Harrington and Nichols and denied, in part, summary judgment for Defendant Hamilton. [Doc. 43].

On August 8, 2019, this Court notified the Plaintiff that the Court would dismiss Defendant FNU Murray ("Defendant Murray") without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure if the Plaintiff failed, within 14 days of that Order, to show good cause for the

failure to timely serve Defendant Murray. [Doc. 42].

Under Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This Rule makes clear that the Court must extend the service period if the plaintiff can show "good cause" for the failure to serve. Brooks v. Johnson, 924 F.3d 104, 120 (4th Cir. 2019). "What constitutes 'good cause' for purposes of Rule 4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court." Collins v. Thornton, --- F. App'x ---, 2019 WL 3801449, at *1 (4th Cir. Aug. 13, 2019) (citations omitted). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010).

Here, the Court concluded its initial review of Plaintiff's Complaint on September 29, 2017. As such, the Plaintiff had until December 28, 2017, to serve the Complaint on Defendant Murray. In response to the Court's show cause order, the Plaintiff notes, "[o]n August 7, 2019 the Court ordered the Plaintiff to show good cause for the failure to timely serve Defendant 'Kyle' Murray, or risk the Civil Action against Defendant 'Kyle' Murray being dismissed without prejudice." [Doc. 44 at 1]. Plaintiff states, however, that instead he "chooses to set forth facts showing good cause why Defendant 'Kyle' Murray should not be dismissed from this action…." [Id. at 1-2]. In support of his argument that Defendant Murray should not be dismissed, Plaintiff states that "at the time the Court issued Summons on the Defendant fNU [*sic*] Murray, the Plaintiff could only give the Court the Defendant's last name, his rank, and the address where the Defendant was last known to be employed at the occurrence of the alleged incident" and that "Plaintiff now

have [*sic*] in his possession a Statement by Witness 'Kyle Murray,'" that provides Defendant Murray's first name, his rank, and his assignment within the prison at the time of the alleged incident. [Id. at 2]. Finally, Plaintiff argues that he is "an 'indigent, Pro Se Litigant' … [who] has no other way to issue Summons on Defendant "Kyle" Murray, except via U.S. Marshals' Services…." [Id.].

The Statement by Witness Plaintiff attached to his response appears to have been produced to Plaintiff by the other Defendants in this action during the discovery period. It is bates-stamped "Givens Bey v. FNU Murray 5:17-cv-108 000062." [See Doc. 44 at 5]. Pursuant to the Court's Pretrial Order and Case Management Plan, the discovery completion deadline in this case was November 3, 2018. [Doc. 26 at 1]. Therefore, nothing else appearing in the record otherwise, the Plaintiff had Defendant Murray's first name, as well as the aforementioned identifying information, no later than November 3, 2018. Further, the record also show that Plaintiff was aware that Defendant Murray had not been served (or at least had not answered the Complaint) no later than July 1, 2018, when the Plaintiff sought an extension of time to respond to the other Defendants' Answer to Plaintiff's Complaint. [See Doc. 25].

Despite knowing since July 2018 that Defendant Murray had not answered the Complaint and discovering Defendant Murray's first name in early November 2018 at the latest, the Plaintiff made no additional effort to have Defendant Murray served with the Complaint in this case. Plaintiff also sought no extension of time within which to effectuate service on Defendant Murray. As such, even if the Court were to allow the Plaintiff ninety (90) days from November 2, 2018, the last possible date on which Plaintiff had the information he needed to again attempt service on Defendant Murray, the Plaintiff still would have failed to timely serve Defendant Murray.

As such, the Plaintiff has not shown good cause for his failure to timely serve Defendant

3

Murray. Further, the Court declines to exercise its discretion to extend the time for service at this very late stage of these proceedings. The Court will, therefore, dismiss Defendant Murray from this action.

    **IT IS, THEREFORE, ORDERED** that:

Defendant FNU Murray is hereby dismissed as a Defendant in this case without prejudice.

Signed: September 6, 2019

Frank D. Whitney
Chief United States District Judge