IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:17-cv-00108-MR

| | |
|---|---|
| ARTHUR LEE GIVENS-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| FNU MURRAY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte*.

In August 2019, the Honorable Frank D. Whitney, Chief United States District Judge,[1] entered an Order granting in part and denying in part the Defendants' motion for summary judgment. The Court granted said motion as to all claims and all Defendants except for the Plaintiff's excessive force claim against Defendant Hamilton based on his approval of the use of full mechanical restraints on the Plaintiff. [Doc. 43]. In a footnote in this Order, Chief Judge Whitney noted that the Court would "make inquiry into appointing counsel for Plaintiff at this stage of the proceedings." [Doc. 43 at 19 n.9].

---

[1] On April 27, 2020, this matter was reassigned to the undersigned.

There is no absolute right to the appointment of counsel in civil actions such as this one. The mere fact that the Plaintiff's case is proceeding to trial does not constitute "exceptional circumstances" warranting the appointment of counsel. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (holding that plaintiff must present "exceptional circumstances" in order to justify appointment of attorney). The Court previously advised the Plaintiff that it would "make inquiry" into appointing him an attorney to represent him at trial. [Doc. 43 at 19 n.2]. Having made such inquiry, the Court has been unable to find an attorney who is willing to undertake representing the Plaintiff. Accordingly, the Plaintiff will be required to proceed to trial *pro se*.

The Court notes that both the Plaintiff and the remaining Defendant, Defendant Hamilton, have requested a jury trial in this matter. [See Docs. 1, 24]. The ongoing COVID-19 pandemic has made the scheduling of jury trials within this District increasingly difficult. The parties are therefore advised that if they wish to proceed with a trial by jury, such trial is not likely to occur before January 2021. If, however, the parties unanimously agree to waive their right to a jury, the Court would be able to hold a non-jury (bench) trial during the September 2020 term. The Court will allow the parties fourteen (14) days from the entry of this Order to advise how they wish to proceed.

**IT IS, THEREFORE, ORDERED** that the Plaintiff will be required to proceed to trial *pro se*.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the parties shall advise the Court in writing as to whether they agree to waive their right to a jury trial in this matter.

**IT IS SO ORDERED.**

Signed: June 9, 2020

Martin Reidinger
Chief United States District Judge